UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIK WHITE,

                              Plaintiff,

  -against-                                      9:21-cv-791 (AMN/TWD)

TERRANCE MIELNICKI, et al.,

                              Defendants.

---

**APPEARANCES:**                                         **OF COUNSEL:**

**ERIK WHITE**
771 B Seagirt Avenue
Apt. 8M
Far Rockaway, New York 11691
Plaintiff, *pro se*

**LETITIA JAMES**                                  **NICHOLAS W. DORANDO, ESQ.**
Attorney General of the State of New York      Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On July 12, 2021, plaintiff *pro se* Erik White ("Plaintiff"), who was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at all relevant times, commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1.[1] Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

1

Plaintiff's amended complaint was accepted for filing on November 19, 2021. Dkt. No. 15. In it, Plaintiff alleged Fifth Amendment self-incrimination and Fourteenth Amendment due process claims against Social Worker Mielnicki, Senior Counselor Davis, Deputy Superintendent of Programs Kozak, Assistant Deputy Superintendent of Programs Debraccio, Superintendent Fennessy, Deputy Commissioner of Programs McKoy, and former Acting Commissioner Annucci (collectively, "Defendants"). *See id*. On September 6, 2022, Senior United States District Judge Lawrence E. Kahn[2] dismissed Plaintiff's Fourteenth Amendment due process claims for failure to state a claim. Dkt. No. 36. On August 30, 2024, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's remaining Fifth Amendment self-incrimination claim. Dkt. No. 83. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on August 27, 2025, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that Defendants' motion for summary judgment be granted. Dkt. No. 94 at 27. Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 27-28. No objections have been filed, and the time for filing objections has expired.

For the reasons stated herein, the Court adopts the recommendations in the Report-Recommendation.

## II.   BACKGROUND[3]

Plaintiff was convicted by plea of guilty to eight counts of rape in the second degree and sixteen counts of criminal sexual act in the second degree. Dkt. No. 94 at 9 (citing, *inter alia*, Dkt.

---

[2] This case was reassigned to the undersigned on January 19, 2023. Dkt. No. 46.
[3] Plaintiff's factual allegations and the facts asserted in Defendants' statement of material facts are detailed in the Report-Recommendation. *See* Dkt. No. 94 at 2-5 and 9-13.

No. 83-1 ¶ 1). Due to the nature of Plaintiff's convictions, Plaintiff was required to complete sex offender treatment programming. *Id.* at 10 (citing Dkt. No. 83-1 ¶ 14). In January 2018, Plaintiff was placed in the Office of Mental Health Sex Offender Program ("OSOP") at Marcy Correctional Facility. *Id.* (citing Dkt. No. 83-1 ¶ 15). In July 2018, Plaintiff was removed from the OSOP for fighting with an incarcerated individual and assaulting an officer, and in December 2018, was placed into the Sex Offender Counseling Treatment Program ("SOCTP") at Mid-State Correctional Facility. *Id.* at 10-11 (citing, *inter alia*, Dkt. No. 83-1 ¶¶ 16-17). In June 2019, Plaintiff was suspended from the SOCTP for twenty days after he was found guilty of four Tier III violations—violent conduct, creating a disturbance, fighting, and refusing a direct order. *Id.* at 12 (citing Dkt. No. 83-1 ¶ 30).

According to Plaintiff, to successfully complete the SOCTP, participants must admit responsibility for their crimes both in writing and in group sessions. *Id.* at 2 (citing Dkt. No. 12 at 5-6). Plaintiff claims that if a participant refuses to take responsibility, he is negatively removed from the program, his earned eligibility credit is rescinded, and his release from incarceration is denied until he complies with the program requirements or he reaches his maximum release date. *Id.* (citing Dkt. No. 12 at 6). Plaintiff further claims that, as part of the SOCTP, Defendant Mielnicki required Plaintiff to take responsibility for his crimes. *Id.* (citing Dkt. No. 12 at 6). According to Defendants, SOCTP participants are not required to admit the commission of a particular crime or offense, and, moreover, participants are advised that statements made during the program are confidential. *Id.* at 11 (citing Dkt. No. 83-1 ¶ 19). Plaintiff executed two SOCTP waivers, in December 2018 and March 2019 respectively, which provided that "no written statement made by [Plaintiff] in conjunction with treatment services rendered in connection with the [SOCTP] may be used against [Plaintiff] in any subsequent criminal proceedings." *Id.* at 11-

3

12 (citing Dkt. No. 83-1 ¶¶ 21, 28).

The Time Allowance Committee ("TAC") evaluates incarcerated individuals prior to their conditional release date to determine whether they should be granted earned eligibility credit, which is often referred to as "good time" credit. *Id.* at 10 (citing Dkt. No. 83-1 ¶¶ 7-8). Plaintiff's TAC hearing, for which Defendant Debraccio was present, was held on February 14, 2020, approximately four months prior to Plaintiff's conditional release date in June 2020. *Id.* at 12 (citing Dkt. No. 83-1 ¶¶ 33-34). The TAC temporarily denied Plaintiff earned eligibility credit after reviewing Plaintiff's entire record and determining that Plaintiff had not achieved his earned eligibility goals, *i.e.*, an incarcerated individual's required programming based on his criminal history, due to Plaintiff's disciplinary suspensions from the SOCTP. *Id.* (citing Dkt. No. 83-1 ¶¶ 35-36). Defendant Fennessy affirmed the TAC's determination, and Plaintiff was advised that he could reapply for earned eligibility credit upon completion of the SOCTP and Aggression Replacement Training. *Id.* (citing Dkt. No. 83-1 ¶¶ 39-40).

In March 2020, the SOCTP temporarily shut down due to the COVID-19 pandemic. *Id.* (citing Dkt. No. 83-1 ¶ 41). After the SOCTP resumed, Plaintiff was required to complete a "clarification assignment" which required him to discuss behaviors that lead to sexually offending behavior without necessarily admitting a crime. *Id.* at 13 (citing Dkt. No. 83-1 ¶ 43). Plaintiff initially refused to complete the assignment, which placed him on probation within the program. *Id.* (citing Dkt. No. 83-1 ¶¶ 44, 48). Plaintiff eventually completed the SOCTP on August 16, 2020, *see id.* (citing Dkt. No. 83-1 ¶¶ 42, 49), and Plaintiff received his earned eligibility credit on August 26, 2020, which resulted in a conditional release date of October 19, 2020. *Id.* (citing Dkt. No. 83-1 ¶ 52).

Plaintiff contends that Defendants violated his constitutional rights under the Fifth

Amendment. *Id.* (citing Dkt. No. 12 generally). Specifically, Plaintiff claims that because he refused to admit responsibility for his crimes, which the SOCTP required, Defendants rescinded Plaintiff's earned eligibility credit in February 2020 in violation of his Fifth Amendment right against self-incrimination. *Id.* (citing Dkt. No. 12 at 5-6).

## III.   STANDARD OF REVIEW

### A. Summary Judgment

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)) (emphasis in original). In other words, "a nonmoving party must offer some hard evidence showing that [his] version of the events is not wholly fanciful." *Id.* (internal citations and quotations omitted). Moreover, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *See Chambers*, 43 F.3d at 36-37 (internal citations and quotations omitted). Any assessments of credibility and all choices between available inferences are matters to be left for a jury, not matters to be decided by the Court on summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (citing Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable factual inferences in favor of the

5

nonmoving party. *See Chambers*, 43 F.3d at 36 (citing, *inter alia*, *Anderson*, 477 U.S. at 255).[4]

Where a party is proceeding *pro se*, like here, the court must "read his supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). "However, a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### B. Review of Report-Recommendation

A district court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

---

[4] Where, as here, the non-movant fails to appropriately dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in a motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . .." *Machicote v. Ercole*, 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation and quotations omitted); *accord Caldwell v. Petros*, 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.   DISCUSSION

Magistrate Judge Dancks recommended granting Defendants' motion for summary judgment. Dkt. No. 94 at 27. In response to the Report-Recommendation, Plaintiff submitted a document docketed as an objection. Dkt. No. 97. However, Plaintiff's submission restates certain allegations in the Amended Complaint and does not identify any objection to the analysis in the Report-Recommendation. *See id.* Thus, Plaintiff has failed to adequately object to the Report-Recommendation. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (noting that a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim for appellate review). Accordingly, the Court reviews the Report-

Recommendation for clear error.[5]

For the reasons stated below, the Court adopts the Report-Recommendation in its entirety.

### A. Personal Involvement

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations and quotations omitted). To survive summary judgment, a plaintiff must present evidence that "'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). As detailed herein, Magistrate Judge Dancks concluded that each of the Defendants lacked personal involvement in the alleged violation of Plaintiff's Fifth Amendment rights.

### 1. Defendants Mielnicki and Davis

First, Magistrate Judge Dancks recommended that the Court grant summary judgment as to Defendants Mielnicki and Davis for lack of personal involvement. *See* Dkt. No. 94 at 19. Specifically, Magistrate Judge Dancks found that Plaintiff failed to establish that Defendants Mielnicki and Davis were personally involved in the decision to deny Plaintiff earned eligibility credit in February 2020. *Id*.

Magistrate Judge Dancks found that, according to the record, the job duties assigned to Defendants Mielnicki and Davis were limited to providing and managing therapeutic treatments. *See id.* at 17-18. They were not responsible for making recommendations as to how much time individuals spend incarcerated or when they should be released from incarceration. *See id.* at 18

---

[5] While the time for Defendants to file a response to Plaintiff's objection to the Report-Recommendation has not yet elapsed, given the nature of Plaintiff's objection, the Court finds it unnecessary to withhold its decision.

(citing Dkt. No. 83-9 ¶ 7); *see also* Dkt. No. 83-3 ¶ 10.  Specifically, Magistrate Judge Dancks concluded that Defendant Mielnicki did not attend TAC meetings and had no involvement in determining whether to grant Plaintiff earned eligibility credit.  *See* Dkt. No. 94 at 18 (citing Dkt. No. 83-9 ¶ 7).  While Defendant Mielnicki met with Plaintiff regularly as part of sex offender core group discussions and one-on-one meetings, he did not discuss Plaintiff's sex offender treatment with the TAC.  *Id.*  Likewise, Magistrate Judge Dancks found that Defendant Davis did not attend TAC meetings and was not involved in determining whether to grant Plaintiff earned eligibility credit, nor did she provide any recommendations pertaining to Plaintiff's incarceration at any time.  *See id.* at 17 (citing Dkt. No. 83-3 ¶¶ 8, 19).

Finding no clear error, the Court adopts Magistrate Judge Dancks' recommendation to grant summary judgment as to Defendants Mielnicki and Davis.

### 2. Defendant Kozak

Second, Magistrate Judge Dancks recommended that the Court grant summary judgment as to Defendant Kozak, also for lack of personal involvement.  Dkt. No. 94 at 20.  Specifically, Magistrate Judge Dancks concluded that the record supported Defendant Kozak's lack of involvement in the decision to deny Plaintiff's earned eligibility credit, as Defendant Kozak did not attend Plaintiff's TAC meeting in February 2020 and the report generated from Plaintiff's TAC meeting did not include his signature.  *Id.* at 19; *see also* Dkt. Nos. 83-7 ¶¶ 12-13, 83-10 at 14, and 83-4 at 41.  Moreover, Magistrate Judge Dancks found that Plaintiff had failed to provide any evidence that would create a genuine issue of material fact as to Defendant Kozak's personal involvement.  Finding no clear error, the Court adopts Magistrate Judge Dancks' recommendation

to grant summary judgment as to Defendant Kozak.

### 3. Defendant Fennessy

Third, Magistrate Judge Dancks found that Defendant Fennessy lacked personal involvement in the decision to deny Plaintiff earned eligibility credit, and accordingly, recommended that the Court grant summary judgment as to Defendant Fennessy. Dkt. No. 94 at 22. Magistrate Judge Dancks noted that Defendant Fennessy, the Superintendent of Mid-State Correctional Facility, had declared that he had no personal knowledge of Plaintiff or his individual treatment as part of the SOCTP. *Id.* at 21 (citing Dkt. No. 83-6 ¶¶ 5, 15). Ultimately, Magistrate Judge Dancks concluded that, although Defendant Fennessy had affirmed the TAC recommendation to deny Plaintiff earned eligibility credit based on Plaintiff's repeated disciplinary violations and his failure to complete the required sex offender programming, *see id.* at 21, mere "linkage in the prison chain of command" is insufficient to establish personal involvement for purposes of raising a claim under Section 1983. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985); *see also Banks v. Annucci*, 48 F. Supp. 3d 394, 417 (N.D.N.Y. 2014) ("Where a defendant is a supervisory official, a mere linkage to the unlawful conduct through the chain of command . . . is insufficient to show his or her personal involvement in that unlawful conduct.") (internal quotations omitted). Additionally, Magistrate Judge Dancks found that Plaintiff had failed to provide any evidence that would support reaching a contrary conclusion. Dkt. No. 94 at 22; *see Tangreti*, 983 F.3d at 618 (noting that a plaintiff must establish that the supervisor committed the alleged constitutional violation himself and possessed the requisite state of mind for the violation alleged). Finding no clear error, the Court adopts Magistrate Judge Dancks' recommendation to

grant summary judgment as to Defendant Fennessy.

### 4. Defendants Annucci and McKoy

Fourth, Magistrate Judge Dancks recommended that the Court grant summary judgment as to Defendants Annucci and McKoy for lack of personal involvement. Dkt. No. 94 at 24. Like Defendant Fennessy, Magistrate Judge Dancks found that Defendants' mere link to the alleged conduct through DOCCS' chain of command is insufficient to establish supervisory liability. *See Banks*, 48 F. Supp. 3d at 416.

As the Acting Commissioner of DOCCS, Defendant Annucci declared that he had no interaction with Plaintiff and did not review Plaintiff's letter seeking reconsideration of TAC's decision to deny Plaintiff earned eligibility credit. *See* Dkt. Nos. 94 at 23 and 83-4 at 37-39; *see also* Dkt. No. 83-2 ¶ 10 (noting that the DOCCS Commissioner forwards all mail to the appropriate Deputy Commissioner given the significant amount of correspondence the DOCCS Commissioner receives daily). Furthermore, Magistrate Judge Dancks found that Plaintiff had failed to provide any evidence to create a genuine issue of material fact as to Defendant Annucci's personal involvement and that the record does not demonstrate any such involvement. Dkt. No. 94 at 23; *see also Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (finding no personal involvement where DOCCS Commissioner referred inmate's letters to subordinates); *Douglas v. Annucci*, 14-cv-6018, 2022 WL 2306934, at *8 (W.D.N.Y. June 27, 2022) (finding that "[r]eceiving and forwarding an inmate's correspondence is insufficient to establish personal involvement by a prison official"); *Adams v. Annucci*, 17-cv-3794, 2023 WL 2664301, at *11 (S.D.N.Y. Mar. 28, 2023) (explaining that receipt of an inmate's letter, by itself, is not personal involvement).

While Defendant McKoy did respond to Plaintiff's letter in September 2020, and affirmed the TAC's decision in that response, *see* Dkt. No. 83-8 ¶¶ 6-7, 21, Magistrate Judge Dancks found

11

that the record lacks evidence indicating that Defendant McKoy had any involvement in the decision to deny Plaintiff earned eligibility credit in February 2020. *See* Dkt. No. 94 at 24. As a result, Magistrate Judge Dancks concluded that the record does not sufficiently demonstrate Defendant McKoy's personal involvement in the alleged misconduct. *Id.* Finding no clear error, the Court adopts Magistrate Judge Dancks' recommendation to grant summary judgment as to Defendants Annucci and McKoy.

### B. Merits

Lastly, Magistrate Judge Dancks concluded that regardless of Defendants' lack of personal involvement in the decision to deny Plaintiff earned eligibility credit, the record does not provide sufficient evidence from which a reasonable factfinder could find a Fifth Amendment violation. Dkt. No. 94 at 27. "The Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that a person shall not be 'compelled in any criminal case to be a witness against himself.'" *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (quoting U.S. Const. amend. V.). However, "[a] sex-offender treatment program that requires disclosure of criminal conduct without guaranteeing immunity does not violate the Fifth Amendment's Self-Incrimination Clause unless the consequences for non-disclosure compel the prisoner to make self-incriminating statements." *Krull v. Oey*, 805 F. App'x 73, 75 (2d Cir. 2020) (citing *McKune v. Lile*, 536 U.S. 24, 36 (2002)); *see also McChesney v. Hogan*, 08-cv-1290, 2010 WL 1027443, at *7 (N.D.N.Y. Feb. 26, 2010) ("It is by now fairly well settled that risking the loss of good time credits or jeopardizing the chance for parole, alone, does not qualify as sufficiently compulsive to meet the test."), *report-recommendation adopted*, 2010 WL 1037957 (N.D.N.Y. Mar. 18, 2010).

Magistrate Judge Dancks concluded that, while using statements Plaintiff made during the SOCTP against him in a future criminal proceeding *would* violate the Fifth Amendment, there is

insufficient evidence to conclude that such unlawful use occurred here. Dkt. No. 94 at 26. Specifically, Magistrate Judge Dancks found that the record evidence does not indicate that statements Plaintiff made in the SOCTP were admitted as testimony against him in a criminal proceeding. *Id.*; *see, e.g.*, *Fifield v. Eaton*, 669 F. Supp. 2d 294, 298 (W.D.N.Y. 2009) (dismissing plaintiff's compelled self-incrimination claim where he failed to "allege that the defendant ever used, sought to use, or could have used any incriminating statement against him in a criminal proceeding"). Indeed, as Magistrate Judge Dancks noted, DOCCS policy provides that statements made in SOCTP are covered by confidentiality and no such written statements may be used against Plaintiff in a future criminal proceeding. *See* Dkt. Nos. 94 at 25 and 83-1 ¶¶ 20-21, 28 (noting that Plaintiff signed two waivers affirming his understanding that his written statements made in connection with the SOCTP cannot be used against him in any subsequent criminal proceedings).

Moreover, Magistrate Judge Dancks concluded that, according to the record, the TAC's decision to temporarily deny Plaintiff earned eligibility credit in February 2020 was not premised upon statements Plaintiff made during the SOCTP because the TAC lacked knowledge of any statements Plaintiff made to the SOCTP staff. *See* Dkt. No. 94 at 21. Magistrate Judge Dancks also noted that determinations regarding whether to grant earned eligibility credit are based on numerous factors such as "the incarcerated individual's disciplinary history, whether the incarcerated individual has met his programming needs, whether the incarcerated individual has refused certain programming, and/or has been negatively removed from programming." *Id*. at 20-21 (quoting Dkt. No. 83-1 ¶ 11). Thus, Magistrate Judge Dancks concluded that the decision to temporarily deny Plaintiff earned eligibility credit was due to Plaintiff's disciplinary history and Plaintiff's failure to complete his required programming, *id.* at 26-27, and found that Plaintiff proffered no evidence indicating otherwise. *Id.* at 27. But even if the TAC's decision was

13

premised upon Plaintiff's statements, Magistrate Judge Dancks found that such temporary denial of earned eligibility credit "does not suffice to establish the requisite degree of compulsion" for purposes of a Fifth Amendment violation given that such denial of earned eligibility credit, "a discretionary privilege," does not violate the Fifth Amendment. *McChesney*, 2010 WL 1027443, at *7.

Accordingly, Magistrate Judge Dancks recommended that the Court grant summary judgment on this ground, as well. *See* Dkt. No. 94 at 25-27. Finding no clear error, the Court adopts Magistrate Judge Dancks' recommendation.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the recommendations in the August 27, 2025 Report-Recommendation, Dkt. No. 94, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 83, is **GRANTED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge